IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANTHONY T. CHRISTOPHER, :
:
        Petitioner, :
:
v. : Civil Action No. 15-511-RGA
:
DAVID PIERCE, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
        Respondents. :

## MEMORANDUM OPINION

Anthony T. Christopher. *Pro se* Petitioner.

Maria Knoll, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

June 27, 2016
Wilmington, Delaware

*Richard G. Andrews* (signature)
ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Anthony T. Christopher's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition, contending that the Petition should be dismissed in its entirety as time-barred or, alternatively, as procedurally barred. (D.I. 9) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In March 2002, a Delaware Superior Court jury found Petitioner guilty of first degree assault, first degree reckless endangering, and two counts of possession of a firearm during the commission of a felony ("PFDCF") for shooting two people in a New Castle nightclub. (D.I. 11 at 15) The Superior Court sentenced Petitioner in June 2002 to a total of twenty-three years at Level V incarceration, suspended after seven years for decreasing levels of supervision. (D.I. 11 at 56) The Delaware Supreme Court affirmed Petitioner's convictions on June 9, 2003. *See Christopher v. State*, 824 A.2d 890 (Del. 2003).

On January 18, 2008, after he completed the Level V portion of his sentence, Petitioner was extradited to Bell County Jail in Texas to face pending matters there. (D.I. 9 at 21) He posted a $5,000 bond on March 2, 2008, and was released from custody in Texas. Following his release, Petitioner was expected to return to Delaware to begin the Level IV-Halfway House portion of his sentence within seven days. He did not do so. *Id.* On July 1, 2008, the Killeen Texas Police Department arrested Petitioner for possession of marijuana. He posted bail a day later and was released from custody. (D.I. 9 at 3)

On January 15, 2009, the Delaware Department of Correction charged Petitioner with a violation of probation ("VOP"), and the Superior Court issued a capias. (D.I. 9 at 21; D.I. 11 at

1

49) The capias was returned in October 2011. (D.I. 11 at 50) On October 20, 2011, the Superior Court found Petitioner in violation of his probation and sentenced him to a total of seven years at Level V incarceration, followed by probation. (D.I. 9 at 24-25; D.I. 11 at 50) Petitioner did not appeal. Instead, he filed a motion for sentence modification/reduction on January 20, 2012, which the Superior Court denied on September 6, 2012. (D.I. 11 at 50-51) Petitioner did not appeal.

On October 19, 2012, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 11 at 51) The Delaware Superior Court denied the Rule 61motion on July 24, 2013 (D.I. 11 at 53), and Petitioner did not appeal that decision.

On May 9, 2014, Petitioner filed a second motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("second Rule 61 motion"). (D.I. 11 at 54) The Superior Court denied the second Rule 61 motion as procedurally barred, and the Delaware Supreme Court affirmed that decision on April 13, 2015. *See Christopher v. State*, 2015 WL 1641439 (Del. Apr. 13, 2015).

The instant Petition was filed in June, 2015. (D.I. 1) The Petition contains seven claims alleging that Petitioner's defense counsel provided ineffective assistance with respect to his probation and VOP hearing.

2

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final on the date on which the time for seeking direct review in state court expires. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Jones v.*

*Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner for his VOP on October 20, 2011, and he did not file an appeal. As a result, his VOP adjudication became final on November 21, 2011, thirty days after he was sentenced.[1] Applying the one-year limitations period to that date, Petitioner had until November 21, 2012 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005)(Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)(AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until June 17, 2015,[2] approximately two and one-half years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of

---

[1] The thirty-day appeal period actually ended on November 19, 2011, which was a Saturday. Therefore, the time for appealing extended through the end of the next business day, Monday, November 21, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] Petitioner did not date the Petition, but the post-mark on the envelope in which he mailed the Petition is dated June 17, 2015. Therefore, pursuant to the prison mail box rule, the Court adopts June 17, 2015 as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, when Petitioner filed his motion for sentence modification/reduction on January 20, 2012, fifty-nine days of AEDPA's limitations period had already expired. The motion for sentence modification/reduction tolled the limitations period through October 8, 2012, which includes the thirty-day period Petitioner had to appeal the Superior Court's September 6, 2012 denial of that motion.[3] The limitations clock started to run on October 9, 2012, and ran for ten days until Petitioner filed his first Rule 61 motion on October 19, 2012. The Superior Court denied that Rule 61 motion on July 24, 2013, and Petitioner did not appeal. (D.I. 11 at 53) Therefore, Petitioner's first Rule 61 motion tolled the limitations through August 23, 2013, which includes the thirty day appeal period.

The limitations clock started to run again on August 24, 2013, and ran another seventy-three days until Petitioner filed a petition for writ of habeas corpus on November 5, 2013. (D.I. 11 at 54) The Superior Court denied that petition on November 14, 2013, and he did not appeal. Thus, Petitioner's state habeas petition tolled AEDPA's limitations period through December 16,

---

[3]The thirty-day appeal period actually ended on Sunday, October 7, 2012. Therefore, the appeal period extended through the end of the next day. *See* Del. Sup. Ct. R. 11(a).

2013, once again including the thirty-days during which Petitioner could have appealed.[4] At this juncture, a total of 142 days of AEDPA's limitations period had expired.

On May 4, 2014, Petitioner filed his second Rule 61 motion. However, Petitioner's second Rule 61 motion has no tolling effect, because the Superior Court's denial of the motion as untimely, and the Delaware Supreme Court's affirmance of that decision, demonstrate that his second Rule 61 motion was not "properly filed" for statutory tolling purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 415 (2005) (holding that a post-conviction petition denied as untimely by a state court is not "properly filed" for the purposes of § 2244(d)(2)). Given these circumstances, when the limitations clock started to run again on December 17, 2013, it ran the remaining 223 days without interruption until the limitations period expired on July 28, 2014. In short, even after accounting for the applicable statutory tolling, the Petition is time-barred, unless equitable tolling applies.

**B. Equitable Tolling**

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an

---

[4]The thirty-day appeal period actually ended on Saturday, December 14, 2013. Therefore, the appeal period extended through the end of the next day. *See* Del. Sup. Ct. R. 11(a).

extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from filing his Petition in a timely manner. In fact, Petitioner erroneously contends that his Petition is timely. (D.I. 1 at 14) To the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the Court will dismiss the instant Petition as time-barred.[5]

### III. PENDING MOTION

During the pendency of this proceeding, Petitioner filed a Motion to Appoint Counsel. (D.I. 12) Given the Court's conclusion that the instant Petition as time-barred, the Court will dismiss as moot Petitioner's Motion to Appoint Counsel.

### IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the

---

[5]The Court's conclusion that it must dismiss the Petition as time-barred obviates the need for the Court to address the State's alternative reasons for denying the Petition.

petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.     CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied as time-barred. An appropriate Order will be entered.